**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ARLENE MARTINEZ,** | CV F-04-6285 AWI |
|     **Plaintiff**, | |
|     v. | ORDER ON DEFENDANTS 12(b)1 AND 12(e) MOTIONS |
| **JOHN SNOW, et al.** | |
|     **Defendants** | |

## PROCEDURAL HISTORY

On June 27, 2003, Plaintiff Arlene Martinez ("Martinez") filed an unfair labor practice charge with the Federal Labor Relations Authority ("FLRA"). Her claims were essentially for breach of the duty of fair representation by the National Treasury Employees Union ("NTEU"). On September 23, 2003, after investigating the claim, the FLRA declined to issue a formal complaint against the NTEU.

On September 14, 2004, Martinez filed a complaint in this Court alleging, among other things, breach of duty of fair representation by the NTEU. On September 16, 2004, this complaint was dismissed with leave to amend by Magistrate Judge O'Neill. Judge O'Neill found that the complaint failed to state proper grounds for relief and failed to allege a basis for the

court's jurisdiction. See Court's Docket No. 7 at 4. The dismissal order admonished Martinez that failure to comply with the court order by correcting these defects would result in dismissal of the action for failure to obey a court order. See Court's Docket No. 7 at 4.

On October 5, 2004 Martinez filed her first amended complaint. Multiple Defendant's were named in the amended complaint, but the magistrate ordered only John Snow, the IRS, Roy Arias, and Colleen Kelley served. On December 21, 2004, Martinez filed a second amended complaint without leave of court. This second amended complaint was stricken by Magistrate Judge Snyder pursuant to Fed R. Civ. P. 15(a). See Court's Docket No. 16. Thus the first amended complaint submitted October 5, 2004, is the operative complaint. See Court's Docket No. 10. The amended complaint is a 23 page 144 paragraph document and has been served on Defendants John Snow, Secretary of the Treasury, Roy Arias, Colleen Kelley, and Mark Everson, IRS Commissioner. On March 18, 2005, Defendant's Roy Arias and Colleen Kelley filed a 12(b)(1) motion to dismiss, or in the alternative a 12(e) motion to provide a more definite statement. On April 14, 2005, Defendant John Snow joined these motions.

**FACTS/FACTUAL ALLEGATIONS**

Martinez's amended complaint is a detailed narrative that is more akin to storytelling than a proper pleading. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1174 (9th Cir. 1996). The statement of the facts of Plaintiff's case will be at best an interpretation of her 23 page 144 paragraph complaint. If the court has not correctly understood her claims, "Plaintiff has only [herself] to blame." Id. at 1174; see Jacobson v. Schwarzenegger, 226 F.R.D. 395, 396 (C.D. Cal. 2005).

Martinez was employed by the Internal Revenue Service ("IRS") during the events alleged in her complaint. It appears Martinez applied for leave under the Family and Medical Leave Act ("FMLA") sometime in August 2002. See Compl. at ¶ 19[1]. Martinez gives some

---

[1] "Compl." refers to Plaintiff's First Amended Complaint filed on 10-05-2004.

indication that her FMLA application involved a mental health issue, specifically chronic depression. See Id. at ¶ 42. Martinez indicates she was approved for FMLA in October of 2002. See Id. at ¶¶ 49, 66. Martinez then alleges she was not informed of her approval by the IRS until December 10, 2002. See Id. at ¶ 66. She further indicates she was given only 144 hours, despite being approved by her doctor for 480. See Id. at ¶ 66.

The amended complaint details various instances of requests for "annual leave", "advance sick", and "temporary tour of duty change". See, e.g., Compl. at ¶¶ 1, 21, 23, 25, 28, 29, 20, 75, 103. Martinez made these requests for reasons including doctor's appointments, attending a computer class, court dates, appearing as a witness in an arbitration hearing, receiving "disturbing" information about her job, and giving blood. She makes no express allegations that these instances of requested time off are related to the FMLA. Martinez indicates that the IRS charged her with over 100 hours of being absent without leave ("AWOL") in response to her absences from work. See Id. at ¶¶ 29, 33, 37, 44, 46, 51, 59, 69. Martinez also alleges that she was charged with AWOL after she had been approved for FMLA. See Id. at ¶¶ 51, 69.

It appears that Martinez made attempts to file a grievance with the NTEU in response to the charges of AWOL levied against her. See id. at ¶ 36. Martinez then accounts the various ways in which her NTEU representation failed her. See, e.g., id. at ¶¶ 40, 64, 71, 107, 127, 136, 138. She claims she was not receiving assistance from the NTEU "because of the president of NTEU." Id. at ¶ 64. Martinez claims that the NTEU has "allowed [her] to be harmed again, and again." Id. at ¶ 136. She claims her boss was able to "treat [her] any way he wanted to because he knew the union would not help." Id. at ¶ 136. Martinez claims the NTEU and her department head are working in combination with a goal to "get [her] fired." Id. at ¶ 138.

Martinez also makes generalized allegations of discrimination at the hands of Roy Arias, the local NTEU chapter president. See id. at ¶ 142. She claims that in January of 2002 she noticed that Arias had started "giving [her] a really hard time." Id. at ¶ 142. She details various incidents where Arias somehow caused her to not receive assistance, including an occasion

where she was forced to sweat to near exhaustion before someone was allowed to help her carry in office supplies. See id at ¶ 142. Martinez alleges that Arias is responsible for her removal from her employee e-mail account. See id. at ¶ 142. Martinez further claims that beginning in February 2002 she was required to get permission from Arias for "anything [she] did." Id at ¶ 142. Martinez describes all of these events as "discriminatory." Id at ¶ 142. At no time does she indicate the basis of Arias's discrimination against her. However her complaint in its entirety may be interpreted as a hostile work environment claim as she expressly mentions hostile work environment at the beginning of her complaint. See id. at p. 1. Martinez also states that she appealed the actions of Arias to Defendant Colleen Kelley, the NTEU national president.

## LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction, and that limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for this court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). Because subject matter jurisdiction must be affirmatively alleged, courts will not infer allegations supporting federal jurisdiction. See Watson v. Chessman, 362 F.Supp.2d 1190, 1194 (S.D. Cal. 2005); see also Tosco Corp. v. Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001); Century Southwest Cable Television, Inc. V. CIIF Assocs., 33 F.3d 1068, 1071 (9th Cir. 2004).

When a defendant challenges jurisdiction "facially" all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal

4

jurisdiction appears from the face of the pleading itself. Titus v. Sullivan, 4 F. 3d 590, 593 (8th Cir.1993); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D. Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992). A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. Mortensen, 549 F. 2d at 891. In such a case, the court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction.[2] St. Clair v. City of Chico, 880 F. 2d 199, 201 (9th Cir.1989); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir.1987); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir.1983).

## DISCUSSION

### I. BREACH OF DUTY OF FAIR REPRESENTATION

The Civil Service Reform Act ("CSRA") provides that a labor organization which holds the exclusive right of representing employees is responsible for representing the interests of all employees without discrimination. See 5 U.S.C. § 7114(a)(1). The CSRA also provides that failure to represent an employee shall be considered an "unfair labor practice." 5 U.S.C. § 7116(b)(8). Any charge against a labor organization of engaging in an "unfair labor practice" must be presented to, investigated, and adjudicated by the FLRA. See 5 U.S.C. § 7118(a)(1).

The Congressional intent behind the CSRA is to "channel the grievances of federal employees to the Federal Labor Relations Authority." Karahalios v. Defense Language Institute, 821 F.2d 1389, 1393 (9th Cir. 1987), aff'd, 489 U.S. 527 (1989). The Karahalios court held that the CSRA created both an express duty of fair representation and a remedy in the FLRA, thus precluding any parallel right to sue in federal courts. See id. In affirming the Ninth Circuit, the

---

[2]Defendants move the Court to take judicial notice of Martinez's unfair labor charge and the subsequent decision of the FLRA; no objections to this request have been made. A court shall take judicial notice of an appropriate fact if requested by a party and supplied with the necessary information. See Fed. R. Evid. 201. Judicially noted facts often involve matters of public record and proceedings in other courts, either State or Federal. See United States v. Southern Cal. Edison Co., 300 F.Supp.2d 964, 974 (E.D. Cal. 2004). Defendant's motion for judicial notice is granted.

Supreme Court confirmed that placing responsibility to the district courts to review such cases would "seriously undermine what we deem to be the congressional scheme [of the CSRA]." Karahalios v. National Federation of Employees, Local 1263, 489 U.S. 527, 536-537 (1987).

Defendants Arias and Kelley argue that this Court lacks subject matter jurisdiction in part because Plaintiff's allegations are nothing more than a claim that Defendants breached the duty of fair representation which is preempted by the CSRA. See Def.'s Mem. Supp. Mot. Dismiss at 7. Martinez's claims, due to deficiencies in her pleadings, are ambiguous at best and Martinez has not refuted Defendants' interpretation of her claims. Defendants' interpretation appears to be reasonable. Thus, the Court will construe her complaint to allege breach of the duty of fair representation.

Even though Defendants are the moving party on the motion to dismiss, Martinez bears the burden of establishing that jurisdiction exists. Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Neither in her complaint nor her opposition to the motion to dismiss does Martinez establish any basis for federal jurisdiction over this claim. Martinez has already unsuccessfully filed a charge of breach of duty of fair representation with the FLRA. Defs. Mot. Dismiss Attach. 2. Any appeal of the FLRA's decision must be made to the proper court of appeals, and not a federal district court. 5 U.S.C. § 7123(a). Such an appeal must be filed within sixty days of the FLRA's order, see 5 U.S.C. § 7123(a), and the FLRA order is dated September 23, 2003. Defs. Mot. Dismiss Attach. 2.

To the extent Martinez alleges a breach of the duty of fair representation, this Court does not have subject matter jurisdiction. The statutory scheme created by the CSRA provides a remedy for such claims through the FLRA and bypasses the district courts. See Karahalios, 489 U.S. at 533. The Supreme Court has ruled that in "the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." Middlesex County Sewerage Authority v. Sea Clammers, 453 U.S. 1, 15 (1981). Any claims of breach of duty of fair representation are dismissed for lack

of subject matter jurisdiction.

## II. CLAIMS OF DISCRIMINATION

To establish subject matter jurisdiction over a Title VII claim, a plaintiff must exhaust administrative remedies. See Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2003); Macy v. Dalton, 853 F.Supp. 350, 357 (E.D. Cal. 1994). To exhaust administrative remedies, a plaintiff must first file a charge with the Equal Opportunity Employment Commission ("EEOC"), or the appropriate state agency, giving the agency an opportunity to investigate the charge. See B.K.B. v. Maui Police Department, 276 F.3d 1091, 1099 (9th Cir. 2002) (citing 42 U.S.C. § 2000e-5(b)). A plaintiff need not list each and every allegation of discrimination in the EEOC charge. See id. at 1099. However, "Allegations of discrimination not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Id. at 1100 (citations omitted). In such a case, subject matter jurisdiction will extend over all allegations that either "fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Id. (citations omitted). An employment discrimination charge need not be plead with legal precision, it must, however, be sufficient to notify the agency that discrimination is being charged. See Sommantino v. U.S., 255 F.3d 704, 710 (9th Cir. 2001). Mere verbal complaints are not enough to engage the administrative process. Id. at 710.

In the present case, Martinez seems to be alleging a Title VII hostile work environment claim. See 42 U.S.C. § 2000e-2(a)(1). While she makes no "concise or direct" Title VII claim, her complaint may be liberally construed as such. See, e.g., Compl. at p.1; ¶¶ 136, 142. Martinez does indicate that she consulted with the EEOC, but was told she must first file an internal claim. See Compl. at ¶ 142. Martinez offers no allegations of further action with regard to her discrimination claim. Such a verbal complaint to the EEOC is not sufficient to notify the agency that discrimination is being claimed. See Sommatino, 255 F.3d at 710 (holding that four detailed

e-mails to the EEOC office was not enough to meet presentment requirements).

Because Martinez has failed to present her claim of discrimination to the appropriate agency, she has not exhausted her administrative remedies. See B.K.B., 276 F.3d at 1099; Sommatino, 255 F.3d at 710; Macy, 853 F.Supp. at 357. Accordingly, Plaintiff's Title VII claims are dismissed for lack of subject matter jurisdiction.

### III. VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT

Congress enacted the FMLA in response to the "serious problem with the discretionary nature of family leave" that occurs "when 'the authority to grant leave and to arrange the length of that leave rests with individual supervisors.'" Lie v. Amway Corp., 347 F.3d 1125, 1134 (9th Cir. 2003) (quoting Nevada Dep't if Human Resources v. Hibbs, 538 U.S. 721 (2003)). In furtherance of the FMLA's objectives, it is unlawful for an employer to "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" by the law. 29 U.S.C. § 2615(a)(1); Bachelder v. American West Airlines, Inc., 259 F.3d 1112, 1122 (9th Cir. 2001). An employer may "interfere" with FMLA rights if the employer uses the taking of FMLA leave "as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. 825.220(c); Bachelder, 259 F.3d at 1122.

Courts have a duty to construe pro se pleadings liberally, affording the petitioner the benefit of any doubt. See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001); Bretz v. Kelman, 773 F.2d 1026, 1027 (9th Cir. 1985). Under such a liberal interpretation, it appears Martinez is alleging denial and/or interference with FMLA rights, under 29 U.S.C. § 2615, against John Snow/the IRS. See, e.g., Compl. at ¶¶ 49, 51, 66, 69. Defendant Snow has joined Defendants Arias and Kelley's motions. See Court's Docket No. 36. Arias and Kelley posit their motion to dismiss for lack of subject matter jurisdiction around Martinez's claims of breach of duty of fair representation and discrimination. See Def.'s Mem. Supp. Mot. Dismiss at i. Arias and Kelley, as union representatives, are not Martinez's employers and thus, did not address FMLA issues. See 29 U.S.C. § 2615. As there appears to be a possible FMLA claim, this Court would have

federal question jurisdiction under 28 U.S.C. § 1331.  Dismissal as to John Snow/the IRS under 12(b)(1) is inappropriate at this point as to an FMLA claim.

## IV. MOTION FOR A MORE DEFINITE STATEMENT

"Neither the court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for the plaintiff's claims."  Jacobson, 226 F.R.D. at 397.  "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  Fed. R. Civ. P. 12(e); Thompson v. City of Shasta Lake, 314 F. Supp. 2d 1017, 1022 (E.D. Cal. 2004).  Rule 12(e) motions "are not favored by the courts 'since pleadings in the federal courts are only required to fairly notify the opposing party of the nature of the claim.'"  Castillo, 219 F.R.D. at 163; Resolution Trust Corp., 854 F. Supp. at 649 (quoting A.G. Edwards & Sons, Inc. v. Smith, 736 F. Supp. 1030, 1032 (D. Ariz. 1989)).

Martinez's complaint cannot be said to fairly notify the opposing party of the nature of the claim.  This notion is supported by both an examination of the document itself and Defendant Snow's failure to address the issue of denial/interference with Plaintiff's FMLA rights.  Neither Snow nor this Court can be held responsible for culling through the pages of Martinez's narrative to discover the basis for her claims.  While Rule 12(e) motions are not favored by the courts, the present case is an example of why the rule is necessary.

Martinez has already been afforded leave to amend.  See Court's Docket No. 7.  In Judge O'Neill's order to dismiss with leave to amend, Martinez was admonished that failure to properly amend her complaint would result in a recommendation to dismiss for failure to obey a court order.  See Court's Docket No. 7 at 4.  In that order, Judge O'Neill carefully detailed the deficiencies in Martinez's original complaint, noting the proper format for pleadings, the need to allege jurisdictional facts, and the federal rules that would guide Martinez in drafting an amended complaint.  See Court's Docket No. 7 at 4.

Defendant Snow's motion to provide a more definite statement is granted. Martinez will have one more opportunity to properly allege her claims. Martinez allegations must be limited to her FMLA claims. In the event Martinez's amended complaint alleges a claim of breach of fair representation or discrimination, or includes excessive extraneous or irrelevant facts, her complaint will be dismissed for failure to obey a court order.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant Arias and Kelley's 12(b)(1) motion is GRANTED;
2. Defendant Snow's 12(b)(1) motion with respect to claims under the CSRA is GRANTED;
3. Defendant Snow's 12(b)(1) motion with respect to claims under Title VII is GRANTED;
4. Defendant Snow's 12(b)(1) motion with respect to potential FMLA claims is DENIED;
5. Defendant Snow's motion for a more definite statement is GRANTED;
6. Plaintiff is ordered to file an amended complaint in conformity with Federal Rules of Civil Procedure 8(a), 8(e), and 10, alleging only an FMLA cause of action within 20 days of service of this order.

IT IS SO ORDERED.

Dated:   **August 5, 2005**              /s/ Anthony W. Ishii
0m8i78                                UNITED STATES DISTRICT JUDGE