```
                    UNITED STATES DISTRICT COURT

                    EASTERN DISTRICT OF CALIFORNIA


ARLENE MARTINEZ,                  )  CV F 04 6285 SMS
                                  )
              Plaintiffs,         )  ORDER DENYING PLAINTIFF'S MOTION
                                  )  FOR APPOINTMENT OF COUNSEL
                                  )  WITHOUT PREJUDICE (DOC. 55)
     v.                           )
                                  )
JOHN W. SNOW, et al.,             )
                                  )
              Defendants.         )
                                  )
_____ )
```

Plaintiff, Arlene Martinez, is proceeding in propria persona and in forma pauperis in this action. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

Plaintiff is proceeding with an action regarding her treatment at her place of employment. The case has been scheduled. On February 14, 2006, Plaintiff filed a request for an appointment of counsel whom she would pay. Her unsworn statement indicates that she has tried to obtain representation from numerous attorneys in several areas without success.

The basis of Plaintiff's request for counsel is not clear; Plaintiff cites no authority permitting this Court to order

1

counsel to represent her, whether for compensation or otherwise.

Because Plaintiff is not suffering any risk to her personal liberty, Plaintiff has no right to the appointment of counsel. Lassiter v. Department of Social Services of Durham County, N.C., 452 U.S. 18, 25 (1981).

The Court notes that Plaintiff is proceeding in forma pauperis. The Court may request an attorney voluntarily to represent a person proceeding in forma pauperis who is unable to afford counsel. 28 U.S.C. § 1915(d). However, even where a statute provides for such appointment of counsel by the Court in such circumstances, appointment is discretionary, not mandatory. United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995). Appointment may be made if a court finds that there are exceptional circumstances after evaluating the likelihood of success on the merits and the ability of the party to articulate his or her claims pro se in light of the complexity of the legal issues involved; the factors must be viewed together. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Here, this Court cannot require an attorney to represent plaintiff. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Further, this court will seek volunteer counsel only in the most serious and exceptional cases. In light of the stage of the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. Terrell, 935 F.2d at 1017. The case does not appear to be particularly complex.

1    In the present case, the court does not find the required
2 exceptional circumstances. Even if it is assumed that Plaintiff
3 is not well versed in the law and that she has made serious
4 allegations which, if proved, would entitle her to relief, the
5 case is not exceptional.
6    Accordingly, Plaintiff's motion for the appointment of
7 counsel IS DENIED without prejudice.

IT IS SO ORDERED.

**Dated:     February 15, 2006              /s/ Sandra M. Snyder         **
icido3                              UNITED STATES MAGISTRATE JUDGE