UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE MARTINEZ, | ) 1:04-cv-6285-SMS |
| Plaintiff, | ) ORDER GRANTING DEFENDANT'S MOTION |
| v. | ) TO DISMISS ACTION FOR LACK OF |
| | ) SUBJECT MATTER JURISDICTION (DOC. |
| JOHN W. SNOW, et al., | ) 59) |
| Defendants. | ) |

Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b), and Local Rule 73-301.[1] Pending before the Court is Defendant's motion to dismiss. By separate order, the Court has vacated the previously set hearing on the motion and has deemed the matter submitted to the Court for decision.

I. Background

    A. The Instant Action

The original complaint was filed on September 16, 2004. By

---

[1] By order dated October 11, 2005, and upon the consent of the parties, Judge Anthony W. Ishii ordered the case assigned to the undersigned Magistrate Judge for all further proceedings.

1

order dated August 8, 2005 (Doc. 46), the Court granted in part and denied in part a motion to dismiss for lack of jurisdiction. The Court dismissed Plaintiff's claim for breach of duty of fair representation for lack of subject matter jurisdiction. (Order at pp. 6-7.) Plaintiff's claims under Title VII were also dismissed for lack of subject matter jurisdiction. (Id. p. 8.) With respect to Plaintiff's possible claim of violations of the Family and Medical Leave Act (FMLA), the Court granted Defendant Snow's motion for a more definite statement and granted Plaintiff leave to file an amended complaint within twenty days. On August 24, 2005, Plaintiff filed an amended complaint in which she alleged that her employer violated regulations and a bargaining agreement by limiting the hours of family medical leave to which Plaintiff was entitled, not providing her with provisional leave of thirty days, and not accepting medical documentation provided by Plaintiff's health care provider during August through December 2002. Defendant John W. Snow, the head of the Treasury Department, answered the complaint on September 2, 2005, and raised affirmative defenses, including lack of subject matter jurisdiction, failure to state a claim, and failure to exhaust applicable administrative remedies. On November 9, 2006, Defendant filed and served on Plaintiff a notice of motion and motion, memorandum of points and authorities, and declaration of Brian W. Enos with exhibits A through H. Plaintiff failed to file any opposition or objections or notice of non-opposition; by separate order, the Court has vacated the hearing on the motion and has deemed the matter to be submitted to the Court for decision on the papers filed by Defendant.

B. <u>Facts</u>

Plaintiff began working for the IRS in January 1985, working in the processing division until 1993, at which point she was redeployed to the business master file adjustments division until 2001, when she worked on individual instead of business tax returns; she applied for a disability retirement, which was approved in September 2004. (Decl. of Enos, Ex. A, Dep. of Plaintiff Arlene Martinez, pp. 21, 26, 29, 30, 30.)

In July 2002, Plaintiff's team leader, Julian D. Bockoven, wrote Plaintiff a memo advising her that she had taken all but four hours of her allocated sick leave; her sick leave usage would be monitored and, if it did not improve, might be subject to a sick leave restriction letter; further, Plaintiff was reminded that if she had a medical situation that might continue and prompt use of leave, she could request "Family Medical Leave Act (FMLA)." (Decl. of Enos, Ex. B.)

On August 26, 2002, Plaintiff applied for leave under the FMLA anticipated to start in August 2002 and to end December 31, 2003, because of a serious medical condition which required time off for medical treatment. (Enos Decl., Ex. C.)

By September 9, 2002, a grievance regarding Plaintiff's sick leave was transmitted to Janet Stewart, the chief of Plaintiff's department. (Dec. Ex. D, Ex. A pp. 44-46.)

By November 2002, the IRS had approved Plaintiff for 144 hours of FMLA leave. (Decl., Ex. C, pp. 2-4, Ex. E.) A memorandum of March 14, 2003, from Stewart to the chief union steward, comprising a step 2 response, indicated that the initial request for leave had been properly refused because no reason or

3

1  documentation was given; however, Plaintiff qualified for FMLA,
2  and adjustments were made back to October 7, 2002, which removed
3  all AWOL charges relating to FMLA. (Ex. D, pp., 7-8.) Plaintiff
4  testified that she was informed that she could appeal to the
5  third level to meet with the director; she could not remember if
6  she appealed, but she believed that she was denied the extension.
7  (Decl., Ex. A, Dep. of Martinez, pp. 44-48.) The grievance
8  process provided for three steps, the third involving a
9  resolution meeting between a union designee and an executive.
10 (Decl., Ex. F, p. 114.) If an adverse decision at the third level
11 was unsatisfactory, it could be appealed to binding arbitration.
12 (Ex. F, p. 114.) Plaintiff did testify that the grievance was
13 never arbitrated. (Id. p. 48.) Exhaustion through the EEO process
14 did not take place because Plaintiff had filed a union grievance,
15 and thus the EEO on September 10, 2003, determined that Plaintiff
16 had elected to pursue the matter in a negotiated grievance forum
17 instead, and the remaining EEO process would not include the FMLA
18 complaint. (Id. p. 106; Decl., Ex. H pp. 2-3.) Evidence which
19 Defendant's counsel declares constitutes an IRS-generated
20 automated labor/employee relations tracking system print-out for
21 Plaintiff's FMLA grievance reflects that Plaintiff failed to
22 exhaust her administrative grievance procedures with respect to
23 her FMLA claim because she failed to file timely for an appeal at
24 step three, and further, after requesting extensions for a step-
25 three meeting, Plaintiff's grievance was closed on April 6, 2004,
26 because she had failed to pursue it. (Ex. G.)
27 //
28 ///

1    II. Motion to Dismiss

2        A. Motion pursuant to Fed. R. Civ. P. 12(b)(1)

3    The presence or absence of subject matter jurisdiction of a federal court is a question of law. McCarthy v. United States, 850 F.2d 558, 560 (1988), cert. denied, 489 U.S. 1052 (1989). Except in removed cases, it is in effect presumed that the Court lacks jurisdiction, and it is the plaintiff who bears the burden of proof of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989); Valdez v. United States 837 F.Supp. 1065, 1067, aff'd., Valdez v. United States, 56 F.3d 1177 (9th Cir. 1995).

Challenges to jurisdiction by way of Rule 12(b)(1) may proceed on the basis of the face of the complaint, or on the basis of evidence beyond the complaint. When proceeding on the basis of the face of the complaint, the Court must accept all of the factual allegations of the complaint as true and ask whether the allegations state a claim sufficient to survive a motion to dismiss. United States v. Gaubert, 499 U.S. 315, 327 (1991); Berkovitz v.United States, 486 U.S. 531, 540 (1988).

However, when considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, and may weigh the evidence and resolve and determine factual disputes concerning the existence of jurisdiction; this consideration of evidence does not convert the motion into a motion for summary judgment. McCarthy v. United

States, 850 F.2d 558, 560 (9th Cir. 1988). Under such circumstances, no presumptive truthfulness attaches to the plaintiff's allegations. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987).[2]

### B. Motion pursuant to Fed. R. Civ. P. 12(c)

Fed. R. Civ. P 12(b)(6) provides for the making of a motion to dismiss for failure to state a claim upon which relief can be granted; such a motion tests the legal sufficiency of the claim or claims stated in the complaint. Dismissal for failure to state a claim is proper only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, (1957). Dismissal is proper only where there is either a lack of a cognizable legal theory, or an absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion under Fed. R. Civ. P. 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff; accept all well-pleaded factual allegations as

---

[2] Nevertheless, where the facts upon which jurisdiction depends are also an essential element of the federal claim, the challenge to the facts goes both to federal jurisdiction (which is otherwise always a question of law for the Court) and to the merits of the claim. The Court should not resolve genuinely disputed facts where the question of jurisdiction is dependent on the resolution of factual issues going to the merits. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). In such a case, the district court assumes the truth of factual allegations in a complaint unless controverted by undisputed facts in the record. Dismissal is then appropriate where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

1  true; and determine whether the plaintiff can prove any set of
2  facts to support a claim that would merit relief. Cahill v.
3  Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). A
4  dismissal for lack of subject matter jurisdiction is not a
5  determination on the merits and is thus a dismissal without
6  prejudice. Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th
7  Cir. 1985).
8       A motion pursuant to Fed. R. Civ. P. 12(b)(6) [failure to
9  state a claim upon which relief may be granted] may be raised
10 after the moving party has filed a responsive pleading to the
11 challenged complaint by way of a motion for judgment on the
12 pleadings pursuant to Fed. R. Civ. P. 12(c). Fed. R. Civ. P.
13 12(h); Aldabe v. Aldabe, 616 F.2d 1089, 1093 (9th Cir. 1980). A
14 motion for judgment on the pleadings is properly granted when,
15 taking all allegations in the pleading as true, the moving party
16 is entitled to judgment as a matter of law. Merchants Home
17 Delivery Service, Inc. v. Frank B. Hall & Co., 50 F.3d 1486, 1488
18 (9th Cir. 1995). The standard on a motion for judgment on the
19 pleadings is the same as that applied on a motion pursuant to
20 Fed. R. Civ. P. 12(b)(6). Hal Roach Studios, Inc. v. Richard
21 Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).
22          C. Sovereign Immunity
23      Sovereign immunity is an important limitation on the subject
24 matter jurisdiction of federal courts. The United States is
25 immune from suit unless it consents to be sued, and the terms of
26 its consent to be sued in a court defines that court's
27 jurisdiction to hear the suit. United States v. Sherwood, 312
28 U.S. 584, 586 (1941). The United States, as sovereign, can only

be sued to the extent that it has waived its sovereign immunity; further, a waiver of sovereign immunity is to be strictly construed in terms of its scope in favor of the sovereign. <u>Vacek v. United States Postal Service</u>, 447 F.3d 1248, 1250 (9th Cir. 2006) (citing <u>Dept. of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 260 (1999)). A waiver must be unequivocally expressed in the statutory text and may not be implied. <u>United States v. Testan</u>, 424 U.S. 392, 399 (1976).

 Here, it is undisputed that Plaintiff had been employed for more than twelve months of service. The right to enforce statutory rights concerning family and medical leave for federal employees of under one year is governed by Title I of the FMLA Act, 29 U.S.C. § 2601 through 2619, including § 2617(a)(2), which expressly provides for a private right of action to enforce entitlement to leave and to obtain compensation therefor. <u>Russell v. United States Department of the Army</u>, 191 F.3d 1016, 1018 (9th Cir. 1999); <u>Sullivan-Obst v. Powell</u>, 300 F.Supp.2d 85, 98 (D.D.C. 2004). However, the provisions governing federal civil service employees with more than twelve months of service are Title II, appearing at 5 U.S.C. §§ 6381 through 6386, which do not grant a private right of action to an aggrieved employee. <u>Russell v. U.S. Dept. of the Army</u>, 191 F.3d 1016, 1018 (9th Cir. 1999). The failure to include an express private right of action constitutes a bar to a claim such as Plaintiff's because there is no consent to suit or waiver of sovereign immunity. <u>Russell v. U.S. Dept. of the Army</u>, 191 F.3d 1016, 1018-19 (9th Cir. 1999); <u>Mann v. Haigh</u>, 120 F.3d 34, 37 (4th Cir. 1997). Further, because of the comprehensive nature of the Civil Service Reform Act (scattered

sections of 5 U.S.C.) (CSRA), any avenue of relief through the Administrative Procedure Act or via a <u>Bivens</u> suit is foreclosed. <u>Russell</u>, 191 F.3d at 1019-20. Finally, it appears that Plaintiff cannot prove any set of facts which would entitle her to relief. <u>See, Sullivan-Obst v. Powell</u>, 300 F.Supp.2d 85, 98 (D.C.C. 2004).

Accordingly, Plaintiff has not stated facts or otherwise shown that this Court has subject matter jurisdiction over Plaintiff's complaints concerning the leave she gained through the FMLA and her treatment by her employer with respect to the FMLA. Thus, Plaintiff's action should be dismissed.

### D. <u>Failure to Exhaust Administrative Remedies</u>

The CSRA permits a plaintiff either to pursue FMLA claims through a statutory procedure or to seek relief through available union grievance procedure, but not both. Title 5 U.S.C. § 7121(a)(1) provides that in essence that except for stated exceptions, a collective bargaining agreement shall provide procedures for the settlement of grievances which shall be the exclusive administrative procedures for resolving grievances within the scope of the agreement. Section 7121(d) and (e) provide that an aggrieved employee affected by specified events and practices may raise the matter under a statutory procedure or the negotiated procedure, but not both. <u>See</u>, <u>United States Postal Service v. Gregory</u>, 534 U.S. 1, 5 (2001).

Here, it is undisputed that Plaintiff elected to pursue a grievance by September 9, 2002, and that the last step in the grievance procedure actually undertaken was the March 2003 step 2 response of Stewart. Plaintiff believed that an extension of time for appealing to the third level had been denied. There is

9

documentation of Plaintiff's having abandoned the grievance, and Plaintiff admitted that it was not taken to arbitration. Further, it is documented that exhaustion through the EEO process did not take place because Plaintiff had filed a union grievance, and the portion of the EEO complaint subsumed by the grievance was dismissed. Accordingly, the Court finds that Plaintiff failed to file a statutory or EEO complaint, and that Plaintiff, who elected to use the grievance procedure under the collective bargaining agreement, failed to exhaust the grievance procedure, thereby failing to exhaust her administrative remedy.

It is established that federal employees who elect the grievance procedure remedy under the collective bargaining agreement pursuant to § 7121 must exhaust the administrative remedy before seeking review in court. Vinieratos v. United States Department of Air Force, 939 F.2d 762, 768, 773-74 (9th Cir. 1991); Macy v. Dalton, 853 F.Supp. 350, 353, 355 (E.D.Cal. 1994) (and authorities there cited).

The failure to exhaust her grievance completely results in Plaintiff's failing to establish jurisdiction or to state a claim. The remedy is dismissal. Macy v. Dalton, 853 F.Supp. at p. 358.

III. Disposition

In summary, Plaintiff's complaint must be dismissed on the basis of sovereign immunity and failure to exhaust the administrative remedy resulting in a lack of subject matter jurisdiction in this Court.

It IS ORDERED that the motion of Defendant to dismiss Plaintiff's action for lack of subject matter jurisdiction IS

1 GRANTED. The dismissal is without prejudice. The Clerk IS
2 DIRECTED to close this action because this order terminates the
3 action in its entirety.

5 IT IS SO ORDERED.

6 **Dated:    December 11, 2006**          /s/ Sandra M. Snyder
  icido3                          UNITED STATES MAGISTRATE JUDGE