# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE MARTINEZ, et al., | ) 1:04-cv-6285-SMS |
| | ) |
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S REQUEST |
| v. | ) FOR AN EXTENSION OF TIME, REQUEST |
| | ) FOR RECONSIDERATION, AND REQUEST |
| JOHN W. SNOW, et al., | ) FOR COUNSEL (DOC. 61) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

On December 12, 2006, the Court granted Defendant's motion to dismiss for lack of subject matter jurisdiction; judgment was entered the same day. By order dated December 6, 2006, the Court had previously vacated the hearing on the motion, which had been set for December 15, 2006, and had deemed the motion submitted to the Court for decision because of the absence of any opposition and because the Court had determined that the motion was a matter that was appropriately submitted on the record and briefs without argument.

One day before the Court's order granting the motion was filed, Plaintiff filed a document entitled, "ANSWER TO VACATING HEARING OF DEFENDANT'S MOTION TO, REQUEST FOR EXTENSION TO SUBMIT SUPPORTED DOCUMENTS, REQUEST FOR AN ATTORNEY TO BE APPOINTED."

However, the Court's order denying the motion was already in the process of being docketed. Plaintiff did not provide a conformed copy of her documents for the Court's use or deliver courtesy copies to chambers to be brought to the Court's immediate attention pursuant to Local Rule 5-133(d)(1) and/or (2).

Plaintiff has submitted 29 pages of documents, but she has not submitted a declaration or other evidentiary document. She states that she thought that she had until December 11, 2006, to file a written opposition. However, the reference to the motion submitted by Defendants made by Plaintiff (pp. 1-2), apparently made in an effort to explain her misunderstanding of the applicable rules and deadlines, does not support her position. Defendant's papers remind Plaintiff that she must file opposition and do not state anywhere that a plaintiff has until four days before the hearing to file opposition.

Plaintiff states that she is begging the court to accept her petition as filed. Plaintiff states that she has a terrible problem of explaining her situation and interpreting the letters or motions sent to her by the Court. The Court has not sent Plaintiff any documents in connection with the motion to dismiss, with the exception of the order vacating the hearing and deeming the motion submitted.

Plaintiff seeks to have the Court consider her position on the merits with respect to one of two bases for the Court's dismissal, namely, her exhaustion of administrative remedies. It does not appear that she seeks to have input on the other basis for dismissal, namely, the issue of sovereign immunity.

Plaintiff has thus requested an extension of time to file

opposition to the motion, and has submitted papers that she seeks to have the Court consider as opposition.

To the extent that Plaintiff's request is viewed as a simple request for extension of time, Plaintiff's request is not meritorious because she has not provided any facts that would constitute good cause for an extension.

Because judgment has now been entered, it may be appropriate to consider Plaintiff's filing as a motion pursuant to Rule 60.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The Rule permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud... of an adverse party,... or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). The motion for reconsideration must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). The Ninth Circuit has stated that "[c]lause 60(b)(6) is

1 residual and 'must be read as being exclusive of the preceding

2 clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791

3 F.2d 1334, 1338 (9th Cir. 1986) (quoting Corex Corp. v. United

4 States, 638 F.2d 119 (9th Cir. 1981)). Accordingly, "the clause

5 is reserved for 'extraordinary circumstances.'" Id. When filing a

6 motion for reconsideration, Local Rule 78-230(k) requires a party

7 to show the "new or different facts or circumstances claimed to

8 exist which did not exist or were not shown upon such prior

9 motion, or what other grounds exist for the motion."

10     Plaintiff's opposition was due no later than seventeen days

11 before the hearing pursuant to Local Rule 78-230(c). Plaintiff

12 was informed by the Court in a written order filed on March 25,

13 2005, that she was required to comply with the Federal Rules of

14 Civil Procedure and the Local Rules; that all court deadlines

15 would be strictly enforced, and that requests for extensions of

16 time must state the reason and must be filed with the Court

17 before the deadline in question; that unless the Court orders

18 otherwise, all motions to dismiss were to be briefed pursuant to

19 Local Rule 78-230; and finally, failure to oppose a motion timely

20 may be deemed a waiver of opposition to the motion.

21     Plaintiff has not presented any reason, other than a vague

22 problem with explaining her situation and interpreting documents

23 sent to her by the Court, for her failure to submit timely

24 opposition or for the Court to consider her untimely submissions.

25     The Court takes judicial notice of its own docket and notes

26 that Plaintiff has previously opposed motions pending in this

27 case; further, Plaintiff has filed amended pleadings in response

28 to a ruling on a motion to dismiss.

4

1   The Court concludes that Plaintiff has not demonstrated good
2   cause, excusable neglect, or any other reason justifying relief.
3   Further, the Court considered the motion to dismiss on the
4   basis of the papers timely filed. A court has inherent power to
5   control its docket and the disposition of its cases with economy
6   of time and effort for both the court and the parties. Landis v.
7   North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v.
8   Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). It would require
9   the expenditure of substantial amounts of the time of the Court
10  and its staff as well as significant resources of the opposing
11  party if the Court and the parties were required to review
12  serially filed submissions on motions without regard to any
13  schedule or deadlines. If the Court were to allow unlimited
14  filings in the manner apparently sought by Plaintiff, the Court
15  could never be sufficiently certain of the parties' positions to
16  be able to rule on a motion presented to it. The Court would not
17  be able to maintain the orderly administration of justice, and
18  substantial resources of the Court would be wasted. Such
19  procedures would be unfair to the parties and the Court.
20  With respect to Plaintiff's request for counsel, the Court
21  may request an attorney voluntarily to represent a person
22  proceeding in forma pauperis who is unable to afford counsel. 28
23  U.S.C. § 1915(d). Appointment of counsel by the Court in such
24  circumstances is discretionary, not mandatory. United States v.
25  $292,888.04 in U.S. Currency, 54 F.3d 564, 569 (9th Cir. 1995).
26  Without a reasonable method of securing and compensating counsel,
27  this court will seek volunteer counsel only in the most serious
28  and exceptional cases. Appointment may be made if a court finds

1  that there are exceptional circumstances after evaluating the

2  likelihood of success on the merits and the ability of the party

3  to articulate his claims pro se in light of the complexity of the

4  legal issues involved; the factors must be viewed together.

5  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) (citing

6  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986)).

7  However, the Court cannot require an attorney to represent

8  plaintiff. Mallard v. United States District Court for the

9  Southern District of Iowa, 490 U.S. 296, 298 (1989).

10      Here, in view of the dismissal of the case and the Court's

11  determination that there is no basis for relief from the Court's

12  determination of the motion to dismiss, no basis for the

13  appointment of counsel has been presented.

14      Accordingly, the Plaintiff's request for an extension of

15  time, request for reconsideration, and request for counsel, ARE

16  DENIED.

17

18  IT IS SO ORDERED.

19  **Dated:    December 21, 2006   **            **/s/ Sandra M. Snyder   **
    icido3                                   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28